NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 16 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GINNY LYN LAMBERT | No. 19-35360 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01235-AA |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted May 12, 2022[**]
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and AMON,[***] District Judge.

Ginny Lyn Lambert appeals from the district court's order affirming the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

Commissioner of Social Security's denial of her applications for disability insurance benefits and supplemental security insurance benefits under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We affirm.

**1.** Substantial evidence supports the administrative law judge's (ALJ's) decision to give "little weight" to the opinion of Lambert's treating neurologist, Dr. Rodrigo Lim, that Lambert was "permanently disabled." Dr. Lim's opinion was contradicted by other doctors' opinions, and the ALJ offered "specific and legitimate" reasons supported by the record for discounting it. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ set out "a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citation and internal quotation marks omitted). The ALJ properly evaluated Dr. Lim's opinion in relation to other medical evidence, including the opinion of consulting doctor Richard Alley that Lambert was capable of light work.

The ALJ also described at length how Lambert's actual functioning exceeded the limits to be expected on the basis of Dr. Lim's opinion, and she identified inconsistencies in Lambert's testimony that suggested Lambert could

function beyond the limitations reported by Dr. Lim. An ALJ may discount a treating physician's opinion where a claimant's testimony or her activities conflict with the opinion. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 601–02 (9th Cir. 1999). Any error in the ALJ's remaining reasons for discounting Dr. Lim's opinion was harmless. *See Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054–56 (9th Cir. 2006).

**2.** Contrary to Lambert's contention, the ALJ did not improperly omit from her residual functional capacity (RFC) a limitation on her social interaction that was identified by agency psychologists. The ALJ is "responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). In limiting Lambert to "superficial interaction with coworkers and the public," the RFC reasonably translated a limitation that the agency psychologists described as permitting "occasional and brief contact w[ith] the public or co-workers."

**3.** Finally, substantial evidence also supports the ALJ's conclusion that Lambert could return to her past work as a cashier. Lambert cites *Zavalin v. Colvin*, 778 F.3d 842, 846–47 (9th Cir. 2015), in which we held that there is an

apparent conflict between an RFC limited to simple and repetitive tasks and the demands of the cashier job, which requires Level 3 Reasoning. Unlike the ALJ in *Zavalin*, however, the ALJ here addressed the conflict. The ALJ's conclusion that Lambert was capable of Level 3 Reasoning is supported by substantial evidence because, in addition to Lambert's education and work history, the ALJ relied on her own finding that no record evidence suggested that Lambert could not function at that level.

**AFFIRMED.**